**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-4467

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

DARRIUS TREVON DAVIS,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at New Bern.  Terrence W. Boyle,
District Judge.  (4:06-cr-00060-BO)

Submitted:  June 17, 2008        Decided:  August 6, 2008

Before MOTZ and GREGORY, Circuit Judges, and WILKINS, Senior
Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant.  George E. B. Holding, United States Attorney, Anne M.
Hayes, Banumathi Rangarajan, Assistant United States Attorneys,
Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darrius Trevon Davis appeals his 211-month prison sentence following his guilty plea to distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2000); possession with intent to distribute more than five grams of cocaine base, in violation of § 841(a)(1); possession with intent to distribute marijuana, in violation of § 841(a)(1); and distribution of more than fifty grams of cocaine base, in violation of § 841(a)(1). We affirm Davis' convictions, but vacate his sentence and remand for resentencing.

Davis objected to his sentence on the basis that the one hundred—to—one sentencing disparity between cocaine base and powder cocaine in § 841 violated his constitutional rights. While the Sentencing Commission has recently amended the federal sentencing Guidelines to reduce the disparity between cocaine base and powder cocaine in the Guidelines, see U.S. Sentencing Guidelines Manual § 2D1.1 (2007) (Amendment 706); USSG § 1B1.10(c) (Mar. 3, 2008), the statute has not been amended. The Supreme Court, in Kimbrough v. United States, 128 S. Ct. 558, 575 (2007), held that under the advisory Guidelines, the sentencing court may conclude in a particular case that a sentence based on the one hundred—to—one disparity is too great, and may consequently impose a variance sentence below the Guideline. Notably, however, the Court did not find § 841's penalty provisions unconstitutional. We have

repeatedly rejected challenges to the constitutionality of § 841. See, e.g., <u>United States v. Fisher</u>, 58 F.3d 96, 99-100 (4th Cir. 1995); <u>United States v. D'Anjou</u>, 16 F.3d 604, 612 (4th Cir. 1994). Thus, the district court did not violate Davis' constitutional rights when it sentenced him under § 841.

Next, Davis challenges the reasonableness of his sentence. The district court did not have the benefit of <u>Kimbrough</u> when it determined Davis' sentence. To give the district court the opportunity to reconsider the sentence in light of <u>Kimbrough</u>, we conclude that resentencing is appropriate.[*]

We therefore vacate the sentence imposed by the district court and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART, VACATED</u>
<u>IN PART, AND REMANDED</u>

---

[*]We offer no criticism of the district court, which properly applied the relevant law at the time of sentencing. We express no view of the sentence to be imposed on Davis on remand, leaving that to the sound discretion of the district court.